## The Real Estate of M. HOPPER MOTT.

APPLICATION for leave to issue execution against the real estate of a person who had been dead eight years. Review of the statutory provisions on the subject.

ALFRED McINTIRE, *for Petitioner.*

THE SURROGATE. This is an application by a judgment creditor, by petition to the Surrogate, asking permission

to issue execution against the real estate of the intestate, under the following provisions of law :

"If a party die after judgment rendered against him, but before execution issued thereon, the remedy on such judgment shall not be suspended by reason of the non-age of any heir of such party, but no execution shall issue on any such judgment, until the expiration of one year after the death of the party against whom the same was rendered." (*R. S., 3d vol., 5th ed., p.* 649, §§ 27, 41.)

"In case of the death of a judgment debtor after judgment, the heirs, devisees or legatees of the judgment debtor, or the tenants of real property owned by him and affected by the judgment, may, after the expiration of three years from the time of granting letters testamentary or of administration upon the estate of the testator, or intestate, be summoned to show cause why the judgment should not be enforced against the estate of the judgment debtor in their hands respectively, and the personal representatives of a deceased judgment debtor may be so summoned at any time within one year after their appointment." (*Code,* § 376, *as amended in* 1849.)

"Notwithstanding the death of a party after judgment, execution thereon against any property, lands, tenements, real estate, or chattels real, upon which such judgment shall be a lien, either in law or equity, may be issued and executed in the same manner and with the same effect as if he were still living, except that such execution cannot be issued within a year after the death of the defendant, nor in any case unless upon permission granted by the Surrogate of the county, who has jurisdiction to grant administration or letters testamentary on the estate of the deceased judgment debtor, which Surrogate may, on sufficient cause shown, make an order granting permission to issue such execution as aforesaid." (*Act of* 1850, *ch.* 295, *v.* 639.)

In the case at bar, the petitioner's judgment was recovered against the intestate in the New York Common

Pleas, on the 17th October, 1855. More than eight years have elapsed since the entry of the judgment. An execution was issued upon it in the lifetime of the defendant and returned unsatisfied; but none has been issued against his representatives or his realty since his death, up to this time. There is no administrator of the goods of the intestate, and the proof is that he left no personal assets.

The Code has still another provision applicable to this case.

" After the lapse of five years from the entry of judgment, an execution can be issued only by leave of the Court, upon motion, with personal notice to the adverse party, unless he be absent or non-resident, or cannot be found to make such service, in which case such service may be made by publication, or in such other manner as the Court may direct," &c. (*Code*, § 284, *as amended in* 1858.)

It would appear from *Howard* v. *Clark*, 11 *Howard Pr. R., p.* 209, and *Bellinger* v. *Ford*, 21 *Barbour*, 311, that the permission of the Surrogate is to be given before the application be made to the Court in which judgment has been rendered. The application to be there made will have to be on notice to the adverse party, who is here the heir-at-law.

Permission granted.